CLORICE JOHNSON, ALIAS BLOCKY JOHNSON, v. THE STATE.

No. 17715. Delivered November 27, 1935.

The opinion states the case.

*M. V. Carson, Jr.*, of Hearne, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction for assault with intent to rob; punishment, two years in the penitentiary.

The only contention deemed necessary to notice is that the testimony is insufficient to warrant appellant's conviction as a

principal offender. We have carefully considered the facts and are of opinion that there is not sufficient testimony in the record to corroborate the accomplice, one Jones. Mr. Wells testified that a negro man named Busby came to the railroad station where he, Wells, was agent, about 9:30 o'clock at night and tried to force witness, by the use of a shotgun, to give him the money in the safe. Wells knocked up the shotgun in the hands of Busby, who ran away. The gun was struck against a door and discharged. A short time before Busby made his effort to rob Wells, another negro named Jones had come to the station and asked for change for a half dollar, which Wells refused to give him. Wells swore that he heard two men run away from the station, one of whom was Busby. The State proved that Busby, Jones and appellant were together that afternoon and night; that the gun used by Busby in his effort to rob Wells was appellant's gun. A witness swore that he heard the shooting at the depot that night, and immediately after same two men ran north from the depot. Another witness testified that immediately after the shooting he heard a man run south from the depot. Appellant and the other two parties supposed to be involved were arrested about eleven o'clock that night; and a witness swore that the shirts of appellant and the others were wet with perspiration.

Appellant took the stand and admitted ownership of the gun, and also that he was with Busby and Jones on the night in question till they told him they were going to the depot to get some money for use on June 19th, and that he then left them and did not go near the depot at the time of the alleged attempt to rob Mr. Wells. Appellant testified that after he heard the shot fired Busby and Jones came running back to where he was, a distance between two hundred and fifty yards and a half mile from the depot, and that all of them ran from there to the car. The above is the substance of the testimony insofar as it relates to the corroboration.

We are not willing to uphold a conviction upon such slight corroboration. Nobody saw appellant at or near the depot on the night in question, or gave testimony from which a reliable inference might be drawn of appellant's presence there, save the accomplice. No tracks were found near the depot or compard. The accused is but a young negro man, but is entitled to all that the law guarantees, which, in a case like this, is that there should be other testimony beside that of the accomplice tending to connect the accused with the commission of the offense. We are in such serious doubt as to the sufficiency of

the corroboration as to impel us to reverse this cause, and it is ordered that the judgment be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.