NUMBER 13-98-044-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


MARIE LISETTE GARCIA VEGA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 92nd District Court of Hidalgo County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Rodriguez


Opinion by Justice Hinojosa




 Appellant, Marie Lisette Garcia Vega, was tried as an adult in
Hidalgo County. A jury found her guilty of the offenses of capital
murder, aggravated kidnapping, and aggravated robbery. Because the
State did not seek the death penalty for the capital murder, the trial
court assessed her punishment at life imprisonment. The jury assessed
her punishment at 20 years imprisonment for the aggravated
kidnapping and 20 years imprisonment for the aggravated robbery.

 By eighteen issues, appellant contends the trial court erred by: (1)
overruling her motion to suppress the statement she made to Chicago
police because it was not taken in compliance with the Texas Juvenile
Justice Code and, therefore, should have been excluded under article
38.23 of the Texas Code of Criminal Procedure; (2) overruling her
motion to suppress the statement she made to Chicago police because
it was not taken in compliance with Illinois law and, therefore, should
have been excluded under article 38.23; (3) overruling her motion to
suppress the evidence because the arrest warrant was not introduced
into evidence and the State failed to present facts otherwise justifying
her detention, thus violating the federal and state constitutions and
article 38.23; (4) admitting evidence of extraneous offenses; and (5)
giving the jury an inappropriate limiting instruction regarding the
extraneous offenses. We reverse the trial court's three judgments(1) and
remand the case to the trial court for a new trial.

A. Background


 In late December 1994, Starr County Sheriff's deputies were
investigating the murder of Eleanor Ginder, a 56-year-old Hidalgo
County resident who had been bound, gagged, beaten, strangled and
stabbed. Ginder's body was found abandoned in her van at a Starr
County park. The deputies developed information implicating 16-year-old appellant and Jaime Nonn in the crime. After learning from Nonn's
mother that appellant and Nonn had gone to Chicago, Illinois, the
deputies sent a teletyped message to the Chicago Police Department,
advising that arrest warrants had been issued for both suspects for
aggravated kidnapping and murder, and listing the address of Nonn's
aunt in Chicago where they were staying. Chicago police officers
arrested appellant and Nonn at that location without incident.

 Appellant was then processed into the Illinois juvenile justice
system. Upon questioning by Chicago police officers, appellant gave a
written statement containing the following warnings:

STATEMENT OF


Marie Garcia



Taken December 28, 1994 at 7:40 p.m.


Present ASA Michael Falagario


Detective Gregory Baiocchi #21032


Youth Officer Linda Paraday #16806



 This statement taken regarding the fatal stabbing of
Eleanor Ginder which occurred on December 20, 1994 at
approximately 3:00 p.m. at Rio Grande City, Texas.


 I understand that I have the right to remain silent and
that anything I say can be used against me in a court of law. 
I understand that I have the right to talk to a lawyer and
have him present with me during questioning, and if I
cannot afford to hire a lawyer one will be appointed by the
court to represent me before any questioning. 
Understanding these rights, I wish to give a statement.


 I understand that although I am 16 years [sic] I will be
tried as an adult. After being advised of her constitutional
rights and stated that she understood each of those rights
and after being advised and stating that she understood that
Mike Falagario was an Assistant State's Attorney, a lawyer,
a prosecutor and not her lawyer, Marie Garcia agreed to give
the following statement in summary and not word for word.


In the body of the statement, appellant described her participation in the
planning and commission of the abduction, robbery and murder of
Ginder. Appellant stated that after helping Nonn abduct and bind
Ginder, she forced a rag into Ginder's mouth and helped Nonn tape
Ginder's mouth and nostrils shut. Nonn further attempted to kill Ginder
by twisting her neck and by striking her in the head with a shotgun. 
When Ginder still did not die, appellant fatally stabbed her in the throat
and chest. Appellant did not give another statement after being
extradited to Texas.

B. Motion to Suppress


1. Standard of Review


 A trial court's ruling on a motion to suppress is generally reviewed
for abuse of discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim.
App. 1999); Maddox v. State, 682 S.W.2d 563. 564 (Tex. Crim. App.
1985). The trial court is the sole trier of fact and judge of the weight
and credibility of the evidence. State v. Ballard, 987 S.W.2d 889, 891
(Tex. Crim. App. 1999). We must afford almost total deference to a trial
court's determination of facts supported by the record and its rulings on
application of law to fact, or "mixed" questions of law, when those fact
findings involve an evaluation of the credibility and demeanor of
witnesses. Maestas v. State, 987 S.W.2d 59, 62 (Tex. Crim. App.
1999); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
The reviewing court may not disturb supported findings of fact absent
an abuse of discretion. Ballard, 987 S.W.2d at 891. However, we
review de novo mixed questions of law and fact that do not turn on an
evaluation of credibility and demeanor. Oles, 993 S.W.2d at 106;
Maestas, 987 S.W.2d at 62; Guzman, 955 S.W.2d at 89.

 In this case, there is no dispute concerning the facts and
circumstances surrounding appellant's statement to the Chicago police. 
Therefore, because the trial court's ruling on these matters did not
involve an assessment of the credibility and demeanor of the witnesses,
we will conduct a de novo review of the denial of appellant's motion to
suppress.

2. The Texas Exclusionary Rule


 The Texas exclusionary rule is very broad in nature. Article
38.23(a) provides that:

[n]o evidence obtained by an officer or other person in
violation of any provisions of the Constitution or laws of the
State of Texas, or of the Constitution or laws of the United
States of America, shall be admitted in evidence against the
accused on the trial of any criminal case.


Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2000). 
Appellant argues that because the conditions required by Texas law for
the processing of juvenile suspects were not followed by the Illinois law
enforcement officers, the trial court should have excluded her written
statement under article 38.23(a).

 This appears to be a case of first impression in the state of Texas. 
This case presents the issue of whether a sister state's law enforcement
officers must adhere to Texas's scheme of processing juvenile offenders
for a statement taken by those officers to be admissible against the
juvenile in a Texas court.3. Texas Juvenile Justice Code


 By thirteen issues, appellant contends the trial court erred by
admitting into evidence the statement she gave to Illinois law
enforcement officers because it was not taken in conformance with title
3 of the Texas Family Code, otherwise known as the Texas Juvenile
Justice Code. Tex. Fam. Code tit. 3 (Vernon 1996 and Supp. 2000). 
Appellant asserts the trial court should have excluded the statement
under article 38.23(a) of the Texas Code of Criminal Procedure. 
Specifically, appellant complains that Chicago police did not comply
with the following sections of the Texas Family Code in effect at the
time of the offenses:

Issue No. 1: § 52.02 -- appellant was not taken without
unnecessary delay to a place designated in this
section.


Issue No. 2: § 52.025 -- Chicago police failed to interview her
in an approved juvenile processing office.


Issue No. 3: §§ 51.09 & 52.04 -- Chicago police failed to have
an authorized officer of the Texas juvenile court
decide whether appellant should be further
detained.


Issue No. 4: § 51.09 -- appellant's written statement does not
contain all of the warnings required.


Issue No. 5: § 51.09 -- appellant's written statement does not
contain a certificate by a magistrate that appellant
knowingly, intelligently and voluntarily waived
her rights before making the statement.


Issue No. 6: § 51.09 -- appellant was never advised of her
rights by a magistrate before being interrogated.


Issue No. 7: § 51.09 -- appellant was never presented before
a magistrate at any time before giving her
statement.


Issue No. 8: §§ 51.12 & 52.025 -- appellant was not detained
in a facility approved by Texas authorities.


Issue No. 9: § 52.025 -- appellant was detained for more than
six hours before the conclusion of her statement.


Issue No. 10: § 51.09 -- appellant's statement was not signed in the
presence of a magistrate with no law enforcement
officer present.


Issue No. 11: § 51.09 -- appellant's statement was signed in the
presence of at least one law enforcement official who
was armed.


Issue No. 12: § 51.12 -- appellant was detained in an area where
adults arrested for or charged with a crime are
detained.


Issue No. 13: § 52.025 -- appellant was improperly left unattended in
the interview room.


4. Which State's Juvenile Processing Law Should Apply?


 Appellant contends that the admissibility of her Illinois statement
should be evaluated under article 38.23(a) by determining whether her
statement was taken under the conditions mandated by chapters 51
and 52 of the Texas Family Code, which specify how a Texas juvenile
suspect must be processed. Appellant argues that because her written
statement was not procured in conformance with the Texas Family
Code, it should be excluded under article 38.23(a). Appellant does not
allege that her statement was obtained in violation of any constitutional
right, or that it was involuntary.

 The State contends that exclusion of appellant's statement is not
required by article 38.23(a) because appellant was subject to Illinois
law, not Texas law, when she was arrested and processed by Illinois
law enforcement officers, and that appellant's statement was taken in
accordance with Illinois law.

 Under which standard should the admissibility of appellant's
statement be evaluated? This is a classic conflicts-of-law question. For
substantive questions of law, Texas has adopted the "most significant
relationship" approach, using the factors set forth in Restatement
(Second) of Conflict of Laws: Choice-of-Law Principles § 6 (1988). This
approach requires the weighing of public policy concerns and the
conflicting interests of the different jurisdictions in the outcome of the
matter in controversy. See Duncan v. Cessna Aircraft Co., 665 S.W.2d
414, 410-21 (Tex. 1984); Gutierrez v. Collins, 583 S.W.2d 312, 318
(Tex. 1979); Seth v. Seth, 694 S.W.2d 459, 462 (Tex. App.--Fort Worth
1985, no writ).

 The rule is different, however, when the matter at issue is
procedural in nature. "One of the basic tenets of conflict-of-law
resolution . . . is that the law of the forum in which the judicial
proceeding is held determines the admissibility of evidence." Davidson
v. State, 25 S.W.3d 183, 185 (Tex. Crim. App. 2000); see also
Restatement (Second) of Conflict of Laws: Evidence § 138 (1988)("The
local law of the forum determines the admissibility of evidence . . . "). 
In Davidson, the defendant joined a traveling carnival and fled to
Canada while he was being investigated in Texas for sexually abusing
his two minor daughters. Davidson, 25 S.W.3d at 184. When
Davidson attempted to re-enter the United States at a border crossing
in Montana, a U.S. Customs officer performed a routine check and
found that an arrest warrant for Davidson was pending in Tarrant
County, Texas. Id. The Customs officer detained Davidson, warned
him appropriately and interrogated him. Id. Davidson voluntarily made
numerous statements implicating himself in the sexual abuse of his
daughters. Id. The customs officer did not make a recording of the oral
statement as required by article 38.22 of the Texas Code of Criminal
Procedure, but in accordance with Montana and federal law, he wrote
a report relating the contents of the statement. Id. This report was
admitted into evidence at Davidson's trial, and he was convicted of
aggravated sexual assault and indecency with a child. Id. The
convictions were upheld by the Fort Worth Court of Appeals, but the
Texas Court of Criminal Appeals reversed the court of appeals. Id.

 The court of criminal appeals held that the rule set forth in article
38.22(2) is procedural in nature, and must be strictly followed in a Texas
judicial proceeding. Id. at 185-86. Because the requirements of article
38.22 were not followed, the statement was inadmissible in a Texas
court, even though it was obtained by a federal agent in Montana in
accordance with both Montana and federal law: 

Considerations of efficiency and convenience require that
questions relating to the admissibility of evidence, whether
oral or otherwise, should usually be determined by the local
law of the forum; the trial judge must make most evidentiary
decisions with dispatch if the trial is to proceed with
reasonable celerity, and should therefore generally apply the
local evidentiary law of his own state. 


Id. at 185-86 (citing Restatement (Second) of Conflict of Laws:
Evidence § 138 cmt. a (1988)). The court of criminal appeals explicitly
held that article 38.23(a) is substantive in nature, not procedural. Id.
n.4. The court stated:

While both [articles] 38.22 and 38.23 govern when certain
evidence shall and shall not be admitted at trial, they do so
in very different terms. [Article] 38.23 mandates exclusion of
evidence when it has been obtained in contravention of legal
or constitutional rights. As such, it is properly identified as
substantive in nature, as it is an attempt to provide a remedy
for a violation of those rights [citations omitted]. In contrast,
[article] 38.22 merely prescribes the various requirements
that must be satisfied before a statement made by an
accused as a result of custodial interrogation will be
admitted against him/her at trial. That such requirements
are not met does not mean that the statement was
necessarily obtained as a result of any legal or constitutional
violation, and [article] 38.22 mandates exclusion of such
statements by its own terms and without reference to
[article] 38.23. As such, it more closely resembles our
various rules of evidence which determine the admissibility
of contents of writings, recordings, and photographs. See
Tex. R. Evid. 1001-1009. Thus [article] 38.22 is more
appropriately characterized as a procedural evidentiary rule.


Id.; see also Restatement (Second) of Conflict of Laws: Evidence § 138
cmt. c (1988) ("On occasion, a rule phrased in terms of evidence may
in fact be a rule of substantive law. In such a case, the otherwise
applicable law will be applied.").

 As a juvenile suspect, appellant was entitled to the procedural
protection that the Texas Juvenile Justice Code provides. Section
51.09, which specifies the procedural conditions under which a
statement made by a juvenile as a result of custodial interrogation will
be admissible, is especially relevant in this case. The version of section
51.09 in effect at the time of these offenses provides:

§ 51.09. Waiver of Rights


(a) Unless a contrary intent clearly appears elsewhere in
this title, any right granted to a child by this title or by
the constitution or laws of this state or the United
States may be waived in proceedings under this title if:

 (1) the waiver is made by the child and the attorney
for the child;

 (2) the child and the attorney waiving the right are
informed of and understand the right and the
possible consequences of waiving it; 

 (3) the waiver is voluntary; and

 (4) the waiver is made in writing or in court
proceedings that are recorded.

(b) Notwithstanding any of the provisions of Subsection
(a) of this section, the statement of a child is admissible
in evidence in any future proceeding concerning the
matter about which the statement was given if:

 (1) when the child is in a detention facility or other
place of confinement or in the custody of an
officer, the statement is made in writing and the
statement shows that the child has at some time
prior to the making thereof received from a
magistrate a warning that:

 (A) the child may remain silent and not make
any statement at all and that any statement
the child makes may be used in evidence
against the child;

 (B) the child has the right to have an attorney
present to advise the child either prior to
any questioning or during the questioning;

 (C) if the child is unable to employ an attorney,
the child has the right to have an attorney to
counsel with the child prior to or during any
interviews with peace officers or attorneys
representing the state;

 (D) the child has the right to terminate the
interview at any time;

 (E) if the child is 15 years of age or older at the
time of the violation of a penal law of the
grade of felony the juvenile court may waive
its jurisdiction and the child may be tried as
an adult;

 (F) the child may be sentenced to commitment
in the Texas Youth Commission with a
transfer to the institutional division of the
Texas Department of Criminal Justice for a
term not to exceed 30 years if the child is
found to have engaged in delinquent
conduct, alleged in a petition approved by a
grand jury, that included:

 (1) murder;

 (2) capital murder;

 (3) aggravated kidnapping;

 (4) aggravated sexual assault;

 (5) deadly assault on a law enforcement
officer, corrections officer, court
participant or probation personnel; or

 (6) attempted capital murder; and

 (G) the statement must be signed in the
presence of a magistrate by the child with
no law enforcement officer or prosecuting
attorney present, except that a magistrate
may require a bailiff or a law enforcement
officer if a bailiff is not available to be
present if the magistrate determines that
the presence of the bailiff or law
enforcement officer is necessary for the
personal safety of the magistrate or other
court personnel, provided that the bailiff or
law enforcement officer may not carry a
weapon in the presence of the child. The
magistrate must be fully convinced that the
child understands the nature and contents
of the statement and that the child is
signing the same voluntarily. If such a
statement is taken, the magistrate shall sign
a written statement verifying the foregoing
requisites have been met.

 The child must knowingly, intelligently
and voluntarily waive these rights prior to
and during the making of the statement and
sign the statement in the presence of a
magistrate who must certify that he has
examined the child independent of any law
enforcement officer or prosecuting attorney,
except as required to ensure the personal
safety of the magistrate or other court
personnel, and has determined that the
child understands the nature and contents
of the statement and has knowingly,
intelligently and voluntarily waived these
rights.

 (2) it be made orally and the child makes a statement
of facts or circumstances that are found to be
true, which conduct tends to establish his guilt,
such as the finding of secreted or stolen property,
or the instrument with which he states the
offense was committed.(3)

 (3) the statement was res gestae of the delinquent
conduct or the conduct indicating a need for
supervision or of the arrest.

(c) A warning under Subsection (b)(1)(E) or Subsection
(b)(1)(F) of this section is required only when applicable
to the facts of the case. A failure to warn a child under
Subsection (b)(1)(E) of this section does not render a
statement made by the child inadmissible unless the
child is transferred to a criminal district court under
Section 54.02 of this code. A failure to warn a child
under Subsection (b)(1)(F) of this section does not
render a statement made by the child inadmissible
unless the state proceeds against the child on a
petition approved by a grand jury under Section 53.045
of this code.

(c)(4) In addition to the warnings that a child must receive
under Subsection (b)(1) of this section for the child's
statement to be admissible in evidence, the child must
also receive a warning from the magistrate that the
child may be sentenced to commitment in the Texas
Youth Commission with a transfer to the institutional
division of the Texas Department of Criminal Justice for
a term not to exceed 40 years if the child is found to
have engaged in delinquent conduct, alleged in a
petition approved by a grand jury, that included:

 (1) murder (Section 19.02, Penal Code);

 (2) capital murder (Section 19.03, Penal Code);

 (3) aggravated kidnapping (Section 20.04, Penal
Code);

 (4) aggravated sexual assault (Section 22.021, Penal
Code);

 (5) deadly assault on a law enforcement officer,
corrections officer, or court participant (Section
22.03, Penal Code); or

 (6) criminal attempt (Section 15.01, Penal Code) if
the offense attempted was capital murder
(Section 19.03, Penal Code).

 

Act of May 22, 1991, 72nd Leg., ch. 429, § 1; Act of May 24, 1991,
72nd Leg., ch. 557, § 1; Act of May 27, 1991, 72nd Leg., ch. 593, § 1
(current version at Tex. Code Crim. Proc. Ann. §§ 51.09, 51.095 (Vernon
Supp. 2000)).

 The court of criminal appeals has recently reaffirmed that law
enforcement personnel must strictly follow the requirements of the
family code when dealing with juvenile suspects. The court stated:

The Legislature has set forth very specific actions which a
law enforcement officer must take when arresting a juvenile. 
We are aware of the disturbing increase in juvenile crime in
our state, and we are sympathetic to law enforcement's
efforts to deal with violent juvenile offenders. Nevertheless,
we must not ignore the Legislature's mandatory provisions
regarding the arrest of juveniles. We informed the citizenry,
a decade ago in a unanimous opinion,(5) of the Legislature's
clear intent to reduce an officer's impact on a juvenile in
custody. Today we remind police officers of the Family
Code's strict requirements.


Le v. State, 993 S.W.2d 650, 655 (Tex. Crim. App. 1999) (holding a
juvenile murder suspect's confession inadmissible because of failure of
police to process him in accordance with family code provisions); see
In the Matter of R. R., 931 S.W.2d 11, 14 (Tex. App.--Corpus Christi
1996, no pet.) (police officers, courts and others involved with juveniles
are bound to comply with the detailed and explicit procedures set out
in the Family Code); accord In the Interest of D.Z., 869 S.W.2d 561, 564
(Tex. App.--Corpus Christi 1993, writ denied).

 In her third, fourth, fifth, sixth, seventh, tenth, and eleventh
issues, appellant contends the trial court erred in not excluding her
Illinois statement because the Chicago police did not comply with
section 51.09 of the Texas Family Code. Section 51.09 functions for
juveniles in the same manner as article 38.22 functions for adults. 
Section 51.09 sets out the procedural requirements for the admissibility
of statements given by juveniles during custodial interrogation. 
Because section 51.09 is the functional equivalent for juveniles of article
38.22, it should likewise be treated as procedural in nature. Thus,
under the Davidson rationale, we conclude section 51.09 is a procedural
rule that must be strictly applied by Texas courts in determining the
admissibility of a juvenile's statement.

 In the instant case, the State concedes that the Chicago police did
not follow the provisions of chapter 51 of the Texas Family Code. 
Therefore, in accordance with the Davidson rationale, we hold the trial
court erred in admitting appellant's statement into evidence.

C. Harm Analysis


 Appellant has not urged any constitutional error. She has merely
asserted a statutory error based on the provisions of the Juvenile
Justice Code. When non-constitutional error is found, the appellate
court must disregard any error that does not affect substantial rights. 
Tex. R. App. P. 44.2. A substantial right is affected when the error had
a substantial and injurious effect or influence in determining the jury's
verdict. King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A
criminal conviction should not be overturned for non-constitutional error
if the appellate court, after examining the record as a whole, has fair
assurance that the error did not influence the jury, or had but a slight
effect. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998);
Rios v. State, 982 S.W.2d 558, 561 (Tex. App.--San Antonio 1998, pet.
ref'd). The United State Supreme Court has construed the nearly
identical federal harmless error rule as follows:

If, when all is said and done, the [court's] conviction is sure
that the error did not influence the jury, or had but very
slight effect, the verdict and the judgment should stand . . .
. But if one cannot say, with fair assurance, after pondering
all that happened without stripping the erroneous action
from the whole, that the judgment was not substantially
swayed by the error, it is impossible to conclude that
substantial rights were not affected. The inquiry cannot be
merely whether there was enough to support the result,
apart from the phase affected by the error. It is rather, even
so, whether the error itself had substantial influence. If so,
or if one is left in grave doubt, the conviction cannot stand.


O'Neal v. McAninch, 513 U.S. 432, 437-38 (1995)(emphasis in original);
see Cavazos v. State, 969 S.W.2d 454, 457 (citing Kotteakos v. United
States, 328 U.S. 759, 776 (1946)). "Grave doubt" means "in the
judge's mind, the matter is so evenly balanced that he feels himself in
virtual equipoise as to the harmlessness of the error." O'Neal, 513 U.
S. at 435. 

 The impact of a written confession is undeniably very strong; as
the Austin Court of Appeals has noted in a recent case involving the
erroneous admission of a juvenile's written statement,

[b]ecause of the potentially dramatic effect of a written
confession on the decision-making process of a jury, this
Court has grave doubts that the introduction of appellant's
written statement had no effect on the outcome of the
proceeding.


In the Matter of C.R., 995 S.W.2d 778, 786-87 (Tex. App.--Austin 1999,
pet. denied).

 While error from the admission of a confession may be harmless
in light of independent evidence of guilt in a case, Sterling v. State, 800
S.W.2d 513, 520 (Tex. Crim. App. 1990), we cannot say with fair
assurance, after examining the entire record, that the erroneous
admission of appellant's Illinois confession did not influence the jury, or
had but a slight effect. Appellant gave a statement only to the Chicago
police. She did not give another statement after she was returned to
Texas. At trial, appellant testified that Nonn alone planned the robbery,
abduction and murder, and that she did not willingly participate in the
crimes. She testified she was too frightened of Nonn and too
dependent on him to escape when she had the chance, and that she
had agreed to take responsibility for Nonn's crimes if they were caught.

 The only forensic evidence tying appellant to the crime was one
of her fingerprints on a plastic box found in the van. Her fingerprints
were not found on the shotgun or the knife, nor were any bloodstains
or any of the victim's hairs found on appellant's clothing or boots. 
Although there was eyewitness testimony as to appellant's participation
with Nonn in a shopping spree at two Starr County stores using the
victim's Discover credit card, and appellant's participation in the 
pawning of new electronic items purchased with the card, there was
little or no substantive evidence admitted at appellant's trial linking her
specifically to the crimes of which she was convicted, other than her
Illinois statement.(6) Given the acknowledged dramatic impact of a
written confession, we cannot say with fair assurance that the
erroneous admission of appellant's statement had no influence on the
jury, or but a slight effect.

 We hold the trial court abused its discretion by admitting
appellant's Illinois statement into evidence. We sustain appellant's
third, fourth, fifth, sixth, seventh, tenth and eleventh issues. Because
of our disposition of these issues, it is unnecessary to address
appellant's remaining issues. See Tex. R. App. P. 47.1.

 We reverse all three judgments of the trial court and remand for a
new trial.



 FEDERICO G. HINOJOSA

 Justice



Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this 

the 9th day of November, 2000.

1. The trial court signed three separate judgments in this case. The judgment
in Cause No. CR-0561-95-A (Count One) is for the aggravated robbery; the judgment
in Cause No. CR-0561-95-A (Count Two) is for the aggravated kidnapping; and the
judgment in Cause No. CR-0561-95-A (Count Three) is for the capital murder.
2. Article 38.22, section 3(a) of the code of criminal procedure provides:


Sec. 3. (a) No oral or sign language statement of an accused made as
a result of custodial interrogation shall be admissible against the
accused in a criminal proceeding unless:

 (1) an electronic recording, which may include motion picture,
video tape, or other visual recording, is made of the
statement;

 (2) prior to the statement but during the recording the accused
is given the warning in Subsection (a) of Section 2 above
and the accused knowingly, intelligently, and voluntarily
waives any rights set out in the warning;

 (3) the recording device was capable of making an accurate
recording, the operator was competent, and the recording
is accurate and has not been altered;

 (4) all voices on the recording are identified; and

 (5) not later than the 20th day before the date of the
proceeding, the attorney representing the defendant is
provided with a true, complete, and accurate copy of all
recordings of the defendant made under this article.


Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a) (Vernon Supp. 2000).
3. The State never attempted to admit appellant's statement on this basis,
choosing to rely solely on its admissibility under subsection (b)(1).
4. There were two versions of subsection (c) enacted by the Texas Legislature;
both versions were in effect at the time of these offenses.
5. Comer v. State, 776 S.W.2d 191, 194-95 (Tex. Crim. App. 1989).
6. Appellant's co-defendant, Nonn, did not testify at appellant's trial, but defense
counsel offered the statement Nonn gave to Chicago police into evidence. Nonn's
statement is nearly identical to appellant's statement. Nonn implicated appellant in
the planning and commission of the crime and said that appellant administered the
fatal stabbing.


 We note that appellant's counsel offered Nonn's statement for the limited
purpose of showing "what was said," not for the truth of the statement. The
statement was admitted on this limited basis without objection from the State, and
the jury was so instructed. We conclude that Nonn's statement is not substantive
evidence. See Tex. R. Evid. 105.