# NO. 12-18-00014-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TONYA ANNETTE BOYD,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Tonya Annette Boyd appeals her conviction for possession of a controlled substance. In one issue, she challenges the denial of her motion for directed verdict and the sufficiency of the evidence to support her conviction. We affirm.

## BACKGROUND

Appellant was indicted for possession of a controlled substance, namely, methamphetamine, in an amount of less than one gram, a state jail felony. Appellant pleaded "not guilty" and the case proceeded to a jury trial. The indictment contained two enhancements, alleging that Appellant had two previous, sequential state jail felony convictions.

Jonathan Holland, an officer with the Tyler Police Department, testified he was on routine patrol in Tyler, Texas on June 18, 2017 when he contacted Appellant, who had an outstanding warrant for her arrest. The State introduced Officer Holland's body camera footage, which showed Appellant give Officer Holland a cylindrical glass pipe with a scouring pad inside, commonly used to smoke illegal drugs. Prior to arresting Appellant on the warrant, Officer Holland had Officer Abby Rodseth search Appellant for weapons and contraband. Officer Holland, who was familiar with Appellant, testified that Appellant was "giggling and laughing," which was unusual for her.

After arresting Appellant, Officer Holland placed her in the back seat of his patrol vehicle and drove her to the Smith County Jail. When they arrived at the jail, Officer Holland assisted Appellant out of the vehicle and found a plastic bag containing four pills and a french fry on the floor board of his back seat where Appellant had been sitting. Three of the pills were red, one pill was blue, and the pills were stamped with a Facebook logo. Officer Holland testified that he frequently observed these types of pills and they commonly contain "ecstasy," a street drug that causes the user to have "the giggles." The pills later tested positive for methamphetamine.

Officer Holland testified he thoroughly searched the interior of his vehicle with a flashlight for any contraband prior to his shift, as required by Tyler Police Department policy. He testified that his patrol vehicle is kept in a secure lot at the Department when he is not on duty. Officer Holland stated that no one had been in the back seat of his patrol vehicle since he checked the interior for contraband. Further, Officer Holland testified that while placing Appellant in the back seat of the vehicle, he saw the floorboard and the plastic bag was not there.

The jury viewed Officer Holland's in car video, which shows Appellant from the waist up in the back seat of the patrol car on the way to the jail. Officer Holland testified that Appellant appeared to be moving her lower body while in the back of the patrol vehicle.

On cross-examination, Officer Holland acknowledged that the type of pipe found in Appellant's possession was generally used for smoking "crack" and not methamphetamine, but he noted that occasionally crack pipes are also used to smoke methamphetamine. He testified that Officer Rodseth conducted a thorough search of Appellant, with the exception of Appellant's shoes and socks, prior to him placing Appellant in the back of the patrol vehicle. Officer Holland stated that Appellant's hands were in restraints secured behind her back on the ride to the jail and she wore lace up tied tennis shoes. Officer Holland further acknowledged that he could be disciplined for not discovering contraband in his vehicle before his shift.

Officer Rodseth testified that she was in the middle of her police officer training program at the Tyler Police Department at the time of Appellant's arrest. Officer Rodseth stated that she did not search under Appellant's blue jeans or her shoes and socks because Appellant was uncooperative and becoming more difficult. After this search, however, Officer Rodseth was instructed to search a suspect's shoes and socks in the future. Officer Rodseth acknowledged on cross examination that she had, on one prior occasion, found contraband in the back of her vehicle prior to starting a shift, but it was a separate incident not involving this case.

2

At the conclusion of trial, the jury found Appellant "guilty" of possession of a controlled substance. Appellant pleaded "true" to one enhancement allegation, and "not true" to the other. The jury found both enhancement allegations "true," and sentenced her to five years of imprisonment. This appeal followed.

**SUFFICIENCY OF THE EVIDENCE**

In Appellant's sole issue, she argues that the trial court erred in denying her motion for directed verdict and the evidence is insufficient to support her conviction because the State failed to prove she possessed the drugs.

**Standard of Review and Applicable Law**

A challenge to a trial court's ruling on a motion for directed verdict is a challenge to the sufficiency of the evidence to support a conviction, and is reviewed under the same standard. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); *see also Rios v. State*, 982 S.W.2d 558, 559 (Tex. App.—San Antonio 1998, pet ref'd). When determining if evidence is sufficient to sustain a conviction, the court must apply the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010). This standard requires the court to determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks*, 323 S.W.3d at 899. In order to consider the evidence in the light most favorable to the verdict, we must defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). The fact finder is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). When conflicting evidence is presented, we must resolve those conflicts in favor of the verdict and defer to the fact finder's resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. We may not substitute our own judgment

3

for that of the fact finder. *See id.*, 443 U.S. at 319, 99 S. Ct. at 2789; ***Thornton v. State***, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014); ***King v. State***, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can be alone sufficient to establish guilt. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person commits the offense of possession of a controlled substance when he knowingly or intentionally possesses a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2017). To establish possession, the State must prove that the accused (1) exercised actual care, custody, control or management over the substance; and (2) was conscious of her connection with it and knew what it was. ***Brown v. State***, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); ***Evans v. State***, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002 (38) (West 2017). Evidence which links the accused to the contraband suffices as proof that she knowingly possessed the substance. ***Brown***, 911 S.W.2d at 747. The evidence may be direct or circumstantial, but must establish the accused's connection with the substance was more than just fortuitous. ***Id.*** However, the evidence need not exclude every other outstanding reasonable hypothesis except the defendant's guilt. ***Id.*** There is no set formula of facts necessary to support an inference of knowing possession. ***Hyett v. State***, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). The focus is not on the number of facts linking the accused to the drugs, but on the logical force they have in establishing the offense. ***Evans***, 202 S.W.3d at 162.

**Analysis**

Appellant argues that the evidence is insufficient because (1) Officer Rodseth searched her prior to being placed in the patrol vehicle and did not find the drugs; (2) Appellant's shoes were tied while she was in the patrol vehicle on the way to the jail; (3) Appellant's hands were restrained behind her back the entire time she was in the back of the patrol vehicle; (4) Officer Holland did not see her put the drugs on the floorboard or attempt to throw anything; (5) Appellant did not make any suspicious movements and did not have anything in her mouth; (6) Officer Holland found an "unexplained" french fry in the back of the vehicle even though he testified he checked the vehicle prior to his shift; and (7) Tyler Police Officers previously found contraband left in the patrol vehicles prior to a shift.

4

Appellant's list of facts tends to support her argument at trial, which was that the drugs were present in Officer Holland's vehicle prior to Appellant's arrest, and he failed to find them before his shift. However, the evidence is not required to exclude every other reasonable hypothesis except the defendant's guilt. *See Brown*, 911 S.W.2d at 747. The isolated facts that Appellant points to were presented to the jury, and resolved in favor of her guilt. *See Brooks*, 323 S.W.3d at 899; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789, 2793.

The evidence at trial showed that prior to his shift, Officer Holland thoroughly searched the back of his vehicle for contraband. He testified that the plastic bag containing methamphetamine was not in his vehicle before beginning his shift. When Appellant exited the vehicle, the bag was found in plain view on the floorboard of the seat in which Appellant had been sitting. Moreover, Appellant was in possession of drug paraphernalia when Officer Holland made contact with her. Further, she exhibited unusual behavior during her arrest, consistent with someone under the influence of a substance. As sole judge of the weight and credibility of the evidence, the jury was entitled to view these facts as linking Appellant to the drugs found in the floorboard of the vehicle. *See Willis v. State*, 192 S.W.3d 585, 593 (Tex. App.—Tyler 2006, no pet.).[1]

Thus, viewing the evidence in the light most favorable to the verdict, we hold that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant knowingly or intentionally possessed a controlled substance. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 899; *Evans*, 202 S.W.3d at 162; *Brown*, 911 S.W.2d at 747; *see also Thomas v. State*, 14-03-00209-CR, 2004 WL 331851, at *2 (Tex. App.—Houston [14th Dist.] Feb. 24, 2004, pet. ref'd) (mem. op., not designated for publication) (evidence sufficient to show knowing possession under similar circumstances); TEX. HEALTH & SAFETY CODE ANN. § 481.115(a). Because we so hold, we likewise conclude that the trial court did not err by denying Appellant's motion for directed verdict. Therefore, we overrule Appellant's sole issue.

---

[1] In *Willis*, we recognized a nonexclusive list of factors to consider when evaluating the link between the accused and the contraband. Several of those factors are applicable in this case, including: (1) the contraband was in plain view or recovered from an enclosed place; (2) the contraband was conveniently accessible to the accused or found on the same side of the vehicle as the accused was sitting; (3) the contraband was found in close proximity to the accused; (4) paraphernalia to use the contraband was found on the accused; and (5) the physical condition of the accused indicated recent consumption of the contraband in question. *See* 192 S.W.3d at 593.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered November 28, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 28, 2018**

**NO. 12-18-00014-CR**

**TONYA ANNETTE BOYD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1348-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*