# NO. 12-22-00280-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ERIC LOCKE WHITING,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Eric Locke Whiting appeals his conviction for interference with public duties. In five issues, Appellant contends (1) the trial judge abused his discretion by overruling Appellant's motion for directed verdict and (2) the evidence is legally insufficient because the State failed to disprove his "speech" defense, failed to establish that he violated the law under which he was convicted, failed to prove that he interrupted, disrupted, impeded, or interfered with the officer's investigation, and failed to prove that he was "the legal cause" of any interruption, disruption, impediment, or interference with public duties. We affirm.

### BACKGROUND

Appellant was charged by information with interference with public duties.[1] The information alleged that Appellant interfered with, disrupted, impeded, or interrupted Sergeant Kyle Wilson's public duties by failing to leave and by yelling "in an aggressive manner" while Sergeant Wilson was investigating deadly conduct. Appellant pleaded "not guilty," and the matter proceeded to a bench trial.

---

[1] *See* TEX. PENAL CODE ANN. § 38.15 (West 2016).

Sergeant Wilson of the Angelina County Sheriff's Office was dispatched to a convenience store to investigate a report of deadly conduct. Two vehicles were swerving at each other in a "road rage incident," and both vehicles ultimately stopped in the parking lot of the convenience store. Other officers were already on the scene when Wilson arrived, and Wilson parked on the shoulder behind the other two deputies' patrol units, which blocked the middle entrance to the store. Wilson and other officers began speaking with the occupants of the vehicles to learn who was driving the vehicles and what happened, and they arrested one individual. After Wilson had been on the scene for fifteen to twenty minutes, Appellant pulled up to the scene in his truck and began yelling at the officers, saying that they needed to move their vehicles because they were blocking the view and endangering public safety.[2] Wilson testified that Appellant spoke in an aggressive manner.

Wilson and other officers told Appellant that they were conducting an investigation and instructed him to leave. Appellant did not leave the scene and continued to yell "in an aggressive manner" at Angelina County Deputy Daniel Tinajero. Wilson explained that he and the other officers had to divert their attention from the investigation twice to deal with Appellant. Appellant continued to yell at a deputy after officers asked him to leave. According to Wilson, Appellant tried to exit through the blocked entrance. Officers instructed Appellant to back up and exit his vehicle, after which they arrested him. While still at the scene, Wilson told another officer that he researched the applicable statute, and that it is a defense to prosecution if the defendant's actions involved only speech. Officers ultimately decided to charge Appellant because he refused to leave and was yelling aggressively. During cross-examination, Wilson responded affirmatively when asked whether it was "speech that drew you all" to Appellant and agreed that speech is what led to Appellant's arrest. Video recordings from Wilson's dash camera and his backseat camera were admitted into evidence and published to the trial judge.

Deputy Tinajero testified that he arrived at the scene fifteen to twenty minutes before Wilson. Tinajero explained that the deadly conduct call involved several people and required investigation. While Tinajero interacted with the person who was arrested, Appellant arrived at the scene, pulled his vehicle fairly close to Wilson and another officer, and began yelling at them. Tinajero described Appellant's behavior as "very aggressive" toward the officers. Tinajero explained that Appellant was both aggressive and driving a vehicle, and Appellant yelled that the

---

[2] Appellant was not involved in the deadly conduct incident that was under investigation.

officers needed to move their vehicles. According to Tinajero, Wilson and another officer "yelled at [Appellant] to go[,] [a]nd then that's when he started to roll up[.]" Tinajero testified, "[Appellant] started yelling to me, same thing, it's a matter of public safety, you need to move your vehicles. And I just told him to go multiple times." According to Tinajero, Wilson and the other officer heard Appellant yelling and asked him to back up. Tinajero agreed that officers asked Appellant to stop, but he continued to move forward and engage with officers, and when he was again asked to leave, he was instructed to back up and did so. Tinajero estimated that he engaged with Appellant for approximately one minute, but other officers spent more time with Appellant. When defense counsel asked whether Appellant's aggression was solely yelling, Tinajero explained, "[y]eah, most of it. Speech and hand gestures, that's it." Tinajero agreed with defense counsel's assertion that Appellant engaged the officers "[j]ust with speech[.]"

At the conclusion of Tinajero's testimony, defense counsel moved for an instructed verdict. Defense counsel stated, "the State's failed to meet their burden. Under [Section] 38.15(d) of the Texas Penal Code, it is a defense . . . that the interruption, disruption, impediment, or interference alleged consisted of speech only. I believe the testimony has shown that it was only the speech of Mr. Whiting that led to his arrest and this charge." The prosecutor responded that "there were many acts taken physically by Mr. Whiting [that] go well beyond speech. And just refusing to leave, according to the courts, is beyond speech only." The trial judge denied the motion and stated, "based on the video and based on the description of [Appellant's] actions, I think that the Defendant's action went far beyond speech alone."

The trial judge ultimately found Appellant "guilty," sentenced him to six months in the Angelina County jail, probated for one year, and assessed a fine of $750. The trial judge also required Appellant to serve fifteen days in the Angelina County jail as a condition of probation, participate in a cognitive thinking program, and perform community service. This appeal followed.

**SUFFICIENCY OF THE EVIDENCE**

As mentioned above, Appellant presents five issues for our review: (1) the trial judge abused his discretion by overruling Appellant's motion for directed verdict; (2) the evidence is legally insufficient because the State failed to disprove his "speech" defense; (3) the evidence failed to establish that he violated the law under which he was convicted; (4) the evidence failed

to prove that he interrupted, disrupted, impeded, or interfered with the investigation; and (5) the evidence failed to prove that he was "the legal cause" of any interruption, disruption, impediment, or interference. Because each of these issues challenges the legal sufficiency of the evidence, we will address them together.

**Standard of Review and Applicable Law**

To establish the misdemeanor offense of interference with public duties, the State must prove that the defendant, acting with criminal negligence, interrupts, disrupts, impedes, or otherwise interferes with a peace officer "while the peace officer is performing a duty or exercising authority imposed or granted by law[.]" TEX. PENAL CODE ANN. § 38.15(a)(1), (b) (West 2016). "It is a defense to prosecution under this section that the interruption, disruption, impediment, or interference alleged consisted of speech only." *Id*. § 38.15(d) (West 2016). Refusing to leave the scene when instructed to do so and distracting an officer from performing his duty constitute interference under Section 38.15. *See Hernandez v. State*, No. 07-22-00042-CR, 2022 WL 15334312, at *2 (Tex. App.—Amarillo Oct. 26, 2022, no pet.) (mem. op., not designated for publication).

A challenge to a trial court's ruling on a motion for directed verdict is a challenge to the sufficiency of the evidence to support a conviction and is reviewed under the same standard. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); *see also Rios v. State*, 982 S.W.2d 558, 560 (Tex. App.—San Antonio 1998, pet. ref'd). When evaluating the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether a rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893, 902 n.19 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2789; *Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.—San Antonio 1999, pet. ref'd).

It is the factfinder's duty to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts, and we defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight to be afforded their testimony. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235

S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. The factfinder may make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing guilt. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

**Analysis**

The trial judge heard Wilson testify that while he was investigating a report of deadly conduct, Appellant approached the scene in his vehicle and began yelling aggressively at officers. Wilson also testified that despite being told that an investigation was underway and instructed to leave, Appellant refused to leave the scene and instead continued to yell aggressively at officers. The trial judge also heard Wilson testify that officers twice had to divert their attention from the investigation to deal with Appellant. Additionally, the trial judge heard Tinajero testify that Appellant yelled at officers, behaved aggressively, and refused to leave the scene despite Tinajero instructing him to do so multiple times.

Reviewing the evidence in the light most favorable to the trial court's judgment and giving full deference to the factfinder to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts, we conclude that a rational trier of fact could have found Appellant "guilty" beyond a reasonable doubt of interference with public duties. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Hooper*, 214 S.W.3d at 13; *Hernandez*, 2022 WL 15334312, at *1-2; *Escobedo*, 6 S.W.3d at 6; *see also* TEX. PENAL CODE ANN. § 38.15. We further conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant's conduct consisted of more than speech. *See* TEX. PENAL CODE ANN. § 38.15(d); *Trevino v. State*, 512 S.W.3d 587, 601-02 (Tex. App.—El Paso 2017, no pet.) (holding that speech-only provision in Section 38.15(d) is a defense to prosecution, and State therefore has no affirmative obligation to negate its existence). Accordingly, we overrule issues one, two, three, four, and five.

5

## DISPOSITION

Having overruled each of Appellant's issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 29, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 29, 2023**

**NO. 12-22-00280-CR**

**ERIC LOCKE WHITING,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law No. 2

of Angelina County, Texas (Tr.Ct.No. 21-0966)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*