Jessie NELSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 52345, 52346.

Court of Criminal Appeals of Texas.

Oct. 20, 1976.

Lindsey Enderby, Court-appointed, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, Norman Kinne, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant was convicted in a bench trial of burglary of a building and arson. Punishment for the burglary was assessed at six (6) years, and the punishment for arson was assessed at five (5) years.

Appellant in his sole ground of error in each cause contends that "the trial court committed reversible error in failing to grant defendant's motion for instructed verdict in that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed in violation of Article 38.14, C.C. P."

The State, in its brief, reflects the following facts as sufficient to supply the corroboration required by Article 38.14, Vernon's Ann.C.C.P.:

"It is undisputed that the Medallion belonged to Officer Walker, was taken during the burglary of the building, and was discovered within hours of the burglary three to four feet from Appellant as he stood in an open, outside area with his co-indictee approximately eight to nine feet from the Medallion."

On the morning of May 27, 1975, Officer Mayfield arrived at his duty station, a community store front recreation facility, to discover that the building had been broken into and several fires had been started in some metal lockers inside the building. W. H. Lute, a fire department investigator, was of the opinion that the fire had been set since there was no communication between the fires in the two lockers. He also stated that the paint on the walls was blistered, and a considerable area on the floor was burnt; however, the structure was not damaged. Officer Mayfield and Dave Walker examined the building and testified that certain property was missing from the building, including an overhead projector, a football trophy, two lamps, fifteen or twenty dollars out of the coke machine, a stop watch, a rod and reel, and various other recreational items belonging to the City of Dallas. In addition, Walker testified that two items of his personal property, described as an Eisenhower silver dollar medallion and a camera, were also missing from the building.

A short time after their arrival and inspection of the community service store, Mayfield and Walker were standing in front of the building when they noticed appellant and another individual by the name of Larry Leon Rizer walking south toward the building on Vandervoort Street. Walker testified that he was acquainted with Rizer and knew he should have been in school. Walker then shouted out to them, but they kept walking. Walker and Mayfield then got into their car and drove down to talk to the two individuals. While talking to appellant and Rizer, Walker saw an Eisenhower medallion, similar to the one he had lost, lying on the grass near appellant and Rizer. The medallion was three to five feet from appellant and seven or eight feet from Rizer. Neither officer saw the medallion on the person of the appellant, nor saw him throw the medallion down.

Rizer, the co-defendant, testified that it was appellant's idea to break into the community center for the purpose of burglarizing it, and later decided to burn the whole building to cover up his crime. Rizer testified that while he did not actually see appellant start any fires, he was told by appellant that he had done so. Rizer also testified that all of the property was taken to his home where it was discovered by the police. No property taken from the building was found at appellant's home.

Appellant testified in his own behalf and denied participation in the burglary and acts of arson. He stated that he had seen Rizer the night before and again on the morning of May 27, 1975, when the two of them happened to meet and began walking together. Appellant testified that Rizer had the medallion in his pocket and that he saw Rizer throw it down to the ground as the police officers approached.

The test for determining the evidence required to support a conviction in addition to the testimony of an accomplice has been stated by this Court in numerous opinions as follows:

" 'The test of the sufficiency of such corroboration is to eliminate the evidence of the accomplice from consideration and then to examine · the evidence of other witnesses to determine if there is inculpatory evidence, evidence of an incriminating nature which tends to connect the accused with the commission of the offense. Merely showing an offense occurred is not sufficient.' *Odom v. State*, Tex.Cr.App., 438 S.W.2d 912; *Edwards v. State*, Tex.Cr.App., 427 S.W.2d 629." *Anders v. State*, Tex.Cr.App., 501 S.W.2d 665.

"The corroborative testimony need not supply direct evidence; it must only tend to connect appellant with the crime." *Cherb v. State*, Tex.Cr.App., 472 S.W.2d 273.

In applying this test to the instant case, we first eliminate the testimony of Larry Leon Rizer, the accomplice. Walker and Mayfield testified that certain items were missing from the building and approximately $3,000.00 of property had been damaged. Lute testified that the fire had been set and was not from natural causes. However, merely showing that an offense

has occurred is not sufficient to corroborate accomplice testimony. *Odom v. State,* supra; *Anders v. State,* supra. We are left with the testimony of Walker and Mayfield that appellant was in the company of the accomplice near the scene of the offense, and that Walker's medallion was found three to five feet from appellant and seven to eight feet from Rizer. The medallion was not seen on the appellant's person and neither witness saw appellant throw the medallion down. Appellant admitted being in the presence of the accomplice the night before the offense and was in his presence at the time of the arrest, but he denied any participation in the events.

 The mere presence of the accused in the company of the accomplice shortly before or after the time of the offense is not, in itself, sufficient corroboration of the testimony of an accomplice. *Cherb v. State,* supra; *Moore v. State,* supra; *Rodriquez v. State,* 508 S.W.2d 80 (Tex.Cr.App.1974). However, the presence of the accused with the accomplice, when coupled with other circumstances, may be sufficient to corroborate the testimony of the accomplice. *Cherb v. State,* supra. The issue, then, reduces to this: is the evidence that the medallion was found three to five feet from appellant sufficient to tend to connect him with the crimes as required by Article 38.14, V.A.C.C.P.?

In the instant case, appellant was shown merely to be in the proximity of the medallion. There is no evidence that appellant had any connection with, control of, or possession of the stolen property when it was found. See *McKnight v. State,* 399 S.W.2d 552 (Tex.Cr.App.1966); cf. *Cherb v. State,* supra. Further, the record reflects that the items taken from the community store front facility were found in the home of the accomplice witness, not in the home of the appellant.

*Chapman v. State,* 470 S.W.2d 656 (Tex. Cr.App.1971), is similar to the instant case. This case involved a robbery in which Chapman was an alleged accomplice. The evidence showed that at the time of his arrest in a cafeteria he had a pen in his hand and

that a paper napkin was recovered where the two arrestees were seated containing numerical notations, including "600 bonds" and "600 me". In *Chapman,* supra, we found that evidence insufficient to corroborate the accomplice testimony.

The record is devoid of any additional evidence of an inculpatory nature tending to connect the accused with the commission of the offense of burglary of a building or the offense of arson, such as being in the company of the accomplice near the scene of the crime at the time of its commission at an unusual hour, flight or actual possession of stolen property. See *Edwards v. State,* 427 S.W.2d 629 (Tex.Cr.App.1968).

 The corroborating evidence fails to connect appellant with the offenses alleged. See *Colunga v. State,* 481 S.W.2d 866 (Tex. Cr.App.1972); *Chapman v. State,* supra; *Moore v. State,* supra; *Harris v. State,* 524 S.W.2d 65 (Tex.Cr.App.1975).

The judgment is reversed and the cause remanded.