**Regino Lerma RIOS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–97–00246–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 30, 1998.

Discretionary Review Denied
March 24, 1999.

Carlos A. Muniz, Carrizo Springs, for Appellant.

Robert Serna, Dist. Atty., Robert Lee Little, Asst. Dist. Atty., Eagle Pass, for Appellee.

Before STONE, GREEN and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Regino Lerma Rios appeals his conviction for possession of marijuana. We reverse the judgment of the trial court and enter a judgment of acquittal because there is insufficient nonaccomplice evidence tending to connect Rios with the possession charge.

### FACTUAL AND PROCEDURAL BACKGROUND

Border patrol agent Brashear received a call from an informant on the morning of the charged offense. Brashear learned from the informant that later that day someone in an older model, white Mercury Cougar would be taking a load of marijuana from Asherton into Carrizo Springs either directly up Highway 83 or from Farm–to–Market Road 1557 to Highway 83. Brashear never had personal experience with the informant before this occasion, but he had heard from another agent the informant "was very reliable and . . . had good credible information." According to the other agent, "[t]he informant was very reliable on information on burglaries . . . and also on drugs." After receiving the call from the informant, Brashear contacted the border patrol station in Carrizo Springs and

passed on the information. Upon hearing the information on the possible drug run, border patrol agent Garcia, stationed in Carrizo Springs, drove to the intersection of F.M. 1557 and Highway 83 and waited.

About two hours after the first call, Brashear received a second call from the informant informing him the vehicle was leaving Asherton. Brashear again contacted the Carrizo Springs border patrol station and gave them the information. Garcia was informed the car had left Asherton, and about five minutes later, he saw a car fitting the informant's description pass by his location. Garcia followed the car and noticed the driver nervously glancing back through his mirrors. Garcia pulled the car over and approached the driver of the vehicle, Patrick Sifuentes. Garcia testified he asked Sifuentes if he could search the trunk of the car and Sifuentes "looked over at the passenger[, Rios,] and, you know, he kind of—you know, with no response forthcoming from the passenger. So, he said 'Sure, go ahead and look in the trunk.' " Garcia found a garbage bag full of marijuana in the trunk and subsequently arrested both Sifuentes and Rios.

Sifuentes pled guilty to the charges filed against him regarding the incident and was placed on probation for ten years. During Rios' trial, Sifuentes testified Rios asked him for a ride to Carrizo Springs on the day in question. Sifuentes drove his grandfather's car, a white Mercury Cougar, to Rios' house in Asherton and, according to Sifuentes, Rios put the garbage bag in his trunk. Sifuentes admitted he said nothing to Rios but "just glanced at him" when Garcia pulled them over. Rios was convicted for possession of marijuana and sentenced to forty years in prison and a $2,000 fine.

### ACCOMPLICE WITNESS TESTIMONY

 Rios asserts the trial court erred in denying his motion for an instructed verdict because the nonaccomplice testimony was insufficient to connect him with possession of marijuana.

 An appeal from the denial of an instructed verdict is a challenge to the sufficiency of the evidence. *Badillo v. State,* 963 S.W.2d 854, 856 (Tex.App.—San Antonio 1998, pet. ref'd); *Cook v. State,* 858 S.W.2d 467, 470 (Tex.Crim.App.1993). In deciding whether corroborating evidence is sufficient, this court must "eliminate from consideration the evidence of the accomplice witness and then [ ] examine the evidence of other witnesses" to determine whether there is "evidence of incriminating character which tends to connect the defendant with the commission of the offense." *Edwards v. State,* 427 S.W.2d 629, 632 (Tex.Crim.App.1968). Thus, we do not review the nonaccomplice testimony to determine if it is sufficient to support a finding of guilt but to determine whether it *tends* to create a *connection* between the accused and the offense. *See Cox v. State,* 830 S.W.2d 609, 611 (Tex.Crim.App.1992).

 It is well settled that the mere presence of an accused in the company of the accomplice during the commission of the crime is not, by itself, sufficient to corroborate accomplice testimony. *See Dowthitt v. State,* 931 S.W.2d 244, 249 (Tex.Crim.App. 1996); *Cox,* 830 S.W.2d at 611; *see, e.g., Howard v. State,* 972 S.W.2d 121, 128 (Tex. App.—Austin 1998, no pet. h.) (holding evidence that defendant was seen leaving a room just before drugs were found in that room led "only to the weakest of inferences" regarding actual possession); *Moreno v. State,* 761 S.W.2d 407 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd) (finding insufficient corroborating evidence to support delivery of cocaine charge where testimony showed defendant, a passenger in accomplice's vehicle, talked with accomplice before the attempted drug transaction, stayed in the car while accomplice attempted to complete sale, and looked at undercover police while they waited to arrest the parties); *Navejar v. State,* 760 S.W.2d 786 (Tex.App.—Corpus Christi 1988, pet. ref'd) (finding insufficient corroborating evidence for delivery of heroin charge where testimony only showed defendant followed accomplice in another car, parked next to accomplice, and stayed in his car while accomplice attempted to sell drugs). But "proof that an accused was at or near the place where the crime occurred at or about the time that it happened, along with evidence of other circumstances can be sufficient corroboration to support a convic-

tion." *Cox,* 830 S.W.2d at 611. Other circumstances, which, when coupled with the presence of the defendant, have been found to constitute sufficient corroborating evidence, include a defendant's furtive behavior, *see Spratt v. State,* 881 S.W.2d 65, 67 (Tex. App.—El Paso 1994, no pet.), and flight from the scene. *See Passmore v. State,* 617 S.W.2d 682, 684–85 (Tex.Crim.App.1981), *overruled on other grounds by Reed v. State,* 744 S.W.2d 112 (Tex.Crim.App.1988).

Here, the nonaccomplice testimony establishes Rios was a passenger in the car in which the bag of marijuana was found and Sifuentes looked at Rios before he consented to a search of the trunk. The mere fact that Rios was present in the car where the drugs were found is not enough to sufficiently corroborate Sifuentes' testimony. *Dowthitt,* 931 S.W.2d at 249. The only other circumstance the State can point to as corroborating evidence is Sifuentes' glance at Rios. But nothing in the record shows Rios replied to Sifuentes' glance either verbally or nonverbally—there is no evidence that connects Sifuentes' glance to the crime of possession. The record is completely lacking in evidence that Rios acted suspiciously during the police pursuit, stop, or arrest. We therefore hold the corroborating evidence is insufficient to support Rios' conviction for possession of marijuana because it does not tend to connect Rios with the commission of the offense. *See Navejar,* 760 S.W.2d at 788 (holding there was no evidence to connect accusatory statements by one of the accomplices at the scene that appellant "is the guy" with the crime of delivery of heroin; therefore, the only corroborating evidence was appellant's presence at the scene, which is insufficient by itself). Because there was insufficient corroborating evidence, the trial court erred in not instructing a verdict in favor of Rios. TEX. CODE CRIM. PROC. ANN. arts. 38.14, 38.17 (Vernon 1979).

■ The question then is whether the trial court's error is harmless or reversible under Texas Code of Criminal Procedure Rule 44.2. Because the rule requiring sufficient corroborating evidence in a case based on accomplice testimony is statutory and not constitutional, *Badillo,* 963 S.W.2d at 857, we conduct the harm analysis required by Rule 44.2(b). Under 44.2(b), any nonconstitutional "error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX.R.APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim. App.1997). If, on the record as a whole, it appears the error "did not influence the jury, or had but a slight effect," we must consider the error harmless and allow the conviction to stand. *Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App.1998).

■ Here, the court's failure to grant an instructed verdict had a great effect on the jury because they were able to find Rios guilty when they should have been instructed to acquit Rios by operation of law. Only if the jury had returned a verdict of not guilty could we find the court's error was harmless. Consequently, we hold the trial court committed reversible error by not granting Rios an instructed verdict based on the insufficiency of corroborating evidence. Because we find reversible error on this point, we need not reach Rios' other points of error. We reverse the court's judgment and enter a judgment of acquittal.