In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00074-CR
______________________________


ANDRA PARNELL SPENCER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 159th Judicial District Court
Angelina County, Texas
Trial Court No. CR-24383


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
          On at least fourteen of sixteen occasions on which counterfeit checks were passed during a
ten-day period, Andra Parnell Spencer was either driving or a passenger in the vehicle used to
conduct the transactions at GENCO Bank's drive-through facility. A jury convicted Spencer of
engaging in organized criminal activity, and the trial court sentenced Spencer to twenty-five years'
imprisonment. Spencer appeals his conviction based solely on the assertion that the nonaccomplice
evidence insufficiently corroborated the accomplice testimony. We disagree.
            Arrishia Moore, an accomplice, testified that, after she met Spencer, Moore started receiving
counterfeit checks from Spencer and passing them through the bank. Spencer would accompany
Moore to the bank where the checks would be deposited. Later, Moore would withdraw the funds
and divide them between herself and Spencer. 
            Tracy Barkin, also an accomplice, had a similar experience. She testified that Spencer would
bring counterfeit checks from Houston, which Barkin would deposit with the bank. Later, Barkin
would withdraw the funds and divide the proceeds with Spencer. 
            Neither party disputes that both Moore and Barkin were accomplice witnesses. While their
testimony provided a complete case against Spencer, accomplice-witness testimony is suspect and
cannot alone be the basis for conviction. See Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon
2005); Walker v. State, 615 S.W.2d 728 (Tex. Crim. App. [Panel Op.] 1981). 
            To determine whether an accomplice's testimony is corroborated, we must eliminate all
accomplice evidence from the record and determine whether inculpatory facts and circumstances in
evidence tend to connect Spencer to the offense. Munoz v. State, 853 S.W.2d 558, 559 (Tex. Crim.
App. 1993). Corroborative evidence need not establish his or her guilt or directly link him or her
to the offense; it is sufficient if it "tends to connect" him or her to the offense. Id. Further, all of the
facts and circumstances may be looked to for corroboration, and the corroborative evidence may be
circumstantial or direct. Brown v. State, 672 S.W.2d 487, 488 (Tex. Crim. App. 1984). The
accomplice testimony need not be corroborated on every element of the offense. Warren v. State,
514 S.W.2d 458, 463 (Tex. Crim. App. 1974), overruled on other grounds, Reed v. State, 744
S.W.2d 112 (Tex. Crim. App. 1988). The corroborating evidence need not be of such substance to
be sufficient evidence on its own to convict the accused. Eickenhorst v. State, 662 S.W.2d 622, 625
(Tex. App.—Houston [14th Dist.] 1983, pet. ref'd). 
            Evidence merely pointing the "finger of suspicion" at an accused will not suffice as
independent corroboration. Castaneda v. State, 682 S.W.2d 535, 538 (Tex. Crim. App. 1984). The
mere presence of an accused in the presence of an accomplice at the scene of the crime or shortly
before or after commission of an offense is not in itself sufficient corroboration. Golden v. State,
851 S.W.2d 291, 294 (Tex. Crim. App. 1993). But the presence of the accused with the accomplice
witness may, when coupled with the other circumstances, be sufficient to corroborate the testimony
of the accomplice witness. Brown, 672 S.W.2d at 489; Mitchell v. State, 650 S.W.2d 801, 807 (Tex.
Crim. App. 1983); Dillard v. State, 550 S.W.2d 45, 51 (Tex. Crim. App. 1977); Nelson v. State, 542
S.W.2d 175, 177 (Tex. Crim. App. 1976); Cherb v. State, 472 S.W.2d 273, 280 (Tex. Crim. App.
1971).
            We must look to all the factors and circumstances of the case to determine whether there is
nonaccomplice evidence that tends to connect Spencer to the offense. Mitchell, 650 S.W.2d at 807. 
Each case must be considered on its own facts and circumstances. Munoz, 853 S.W.2d at 559. If
the nonaccomplice evidence does not connect Spencer to the offense, the evidence to support the
conviction is insufficient, resulting in an acquittal. Id. at 560. To determine the sufficiency of
corroboration, we must view the corroborating evidence in the light most favorable to the jury's
verdict. Gill v. State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994).
            Viewed in the light most favorable to the jury's verdict, the nonaccomplice evidence shows
the following: (1) there were eight counterfeit checks deposited with the bank; (2) in total, there
were sixteen transactions with the bank—eight deposits and ten withdrawals (two withdrawals
occurred simultaneously with deposits); (3) fifteen of these transactions occurred at a kiosk in the
bank's drive-through facility; (4) Spencer was either driving or a passenger in the vehicle during at
least fourteen of the transactions; (5) video clearly showed Spencer with one of the accomplices
during several of the transactions; (6) all of the transactions occurred during a ten-day period;
(7) Spencer did not have an account at the bank; and (8) the counterfeit checks were all from
fictitious companies purportedly based in the Houston area.
            Although Spencer's mere presence with an accomplice would be insufficient corroboration,
we hold that the surrounding circumstances presented here are sufficient to corroborate the
accomplice-witness testimony. McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). 
When many of the drive-through transactions were conducted, Spencer was the driver of the vehicle. 
There were numerous deposits and withdrawals which occurred during a short period of time. 
Spencer was present in the vehicle from which were conducted almost all of those
transactions—actually participating in many of them. The transactions occurred at a bank with
which Spencer did not have an account.
            Although it is possible to imagine innocent reasons for Spencer's behavior, this is not the test. 
Brosky v. State, 915 S.W.2d 120, 139 (Tex. App.—Fort Worth 1996, pet. denied). The facts and
circumstances discussed above tend to connect Spencer with the offense. Munoz, 853 S.W.2d at
559. Accordingly, we overrule Spencer's sole point of error.
            We affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 7, 2005
Date Decided:             December 22, 2005

Do Not Publish