ACCEPTED
07-15-00360-cr
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
12/16/2015 4:33:49 PM
Vivian Long, Clerk

NO. 07-15-00360-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
12/16/2015 4:33:49 PM
VIVIAN LONG
CLERK

AT AMARILLO

---

DARRELL CRAIG ADAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

FROM THE 21ST DISTRICT COURT OF BURLESON COUNTY;
NOS. 14,530; HON. HAROLD TOWSLEE, JUDGE

---

APPELLANT'S BRIEF

---

CHRIS M. "MATT" DILLON, LAWYER

Chris M. Dillon
State Bar No. 24025328
P.O. Box 446
Bastrop, Texas 78602
Telephone (512) 303-ATTY (2889)
Telecopy (866) 375-1815
ATTORNEY FOR APPELLANT

ORAL ARGUMENT NOT REQUESTED

# IDENTITIES OF PARTIES AND COUNSEL

Appellant
Darrell Craig Adams

Appellant's Attorney
Chris M. Dillon
State Bar No. 24025328
P.O. Box 446
Bastrop, Texas 78602
Telephone (512) 303-2889
Telecopy (866) 375-1815

Appellant's Attorney at Trial
Dan Jones
Gray, Granberry & Jones
State Bar No. 24065512
103 North Main Street
Bryan, Texas 77803
Telephone (979) 822-4759

Appellee
The State of Texas

Attorney for the State of Texas
Julie Renken
Burleson County District Attorney
100 West Buck
Caldwell, Texas 77836
Telephone (979) 567-2350

Trial Court Judges
Honorable Harold Towslee
Burleson County Courthouse
100 West Buck
Caldwell, Texas 77836
Telephone (979) 567-2361

# TABLE OF CONTENTS

Identity of Parties and Counsel…………………………………………… 2

Table of Contents…………………………………………………………. 3

Index of Authorities………………………………………………………. 4

Statement of the Case…………………………………………………... 5

Issues Presented…………………………………………………………… 6

Statement of Facts………………………………………………………… 7

Summary of the Argument………………………………………………... 10

Argument……………………………………………………………….. 11

### Issues Presented

**1. The evidence is insufficient to corroborate the testimony of an accomplice witness.** 11

**2. The evidence is legally insufficient to support appellant's conviction for burglary of a habitation.** 16

Prayer…………………………………………………………………… 19

Certificate of Service…………………………………………………… 19

Certificate of Compliance……………………………………………… 20

# INDEX OF AUTHORITIES

### *Statutory Law and Court Rules and Treatises*

Tex. Code Crim. Proc. Ann. art. 38.14…………………………………… 11
Tex. Penal Code Ann. § 30.02……………………………………….. 17
Tex. Penal Code Ann. § 31.03……………………………………….. 17
Tex. Penal Code Ann. § 7.01…………………………………………… 17
Tex. Penal Code Ann. § 7.02…………………………………………… 17

### *Case Law*

Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)... 16

Adames v. State, 353 S.W.3d 854 (Tex.Crim.App. 2011)…………………. 17
Carrizales v. State, 414 S.W.3d 737 (Tex.Crim.App. 2013)………………. 16
Clayton v. State, 235 S.W.3d 772 (Tex.Crim.App. 2007)…………………. 17
Druery v. State, 225 S.W.3d 491 (Tex.Crim.App. 2007)…………………. 11
Hamilton v. State, 55 S.W.2d 820 (Tex.Crim.App. 1932)…………………. 15
King v. State, 895 S.W.2d 701 (Tex.Crim.App. 1995)…………………….. 16
Malone v. State, 253 S.W.3d 253 (Tex.Crim.App. 2008)…………………. 11
McCain v. State, 328 S.W.2d 295 (Tex.Crim.App. 1959)…….…………… 15
Merritt v. State, 368 S.W.3d 516 (Tex.Crim.App. 2012)…………………. 16
Nelson v. State, 542 S.W.2d 175 (Tex.Crim.App. 1976)…………………. 12, 15
Simmons v. State, 282 S.W.3d 504 (Tex.Crim.App. 2009)………………... 12
Perez v. State, 437 S.W.3d 610 (Tex.App.—San Antonio 2014)………….. 11
Pointe v. State, 371 S.W.3d 527 (Tex.App.–Beaumont 2012)…………….. 17

## STATEMENT OF THE CASE

Upon a plea of not guilty, appellant Darrell Craig Adams was found guilty by a jury of Burglary of a Habitation.  Upon finding two enhancement allegations to be true, the jury then assessed appellant's punishment at 95 years confinement in the Texas Department of Criminal Justice – Institutional Division.  Appellant presents two issues wherein he complains that there was insufficient evidence to corroborate the testimony of an accomplice witness and the evidence is legally insufficient to support the jury's finding that appellant was guilty of burglary of a habitation.

# ISSUES PRESENTED

1.  **The evidence is insufficient to corroborate the testimony of an accomplice witness.**

2.  **The evidence is legally insufficient to support appellant's conviction for burglary of a habitation.**

## STATEMENT OF FACTS

Appellant Darrell Craig Adams is a generous man who allowed a couple of acquaintances to stay in his house. (R.R. Vol. 5, p. 29). These acquaintances were Roger Alexander and Josh Hall. Id. Appellant was "staying with" another couple and would be at his house "off and on" while these two acquaintances were living in his house. (R.R. Vol. 5, pp. 63, 112). Appellant allowed these two acquaintances to stay at his house until he discovered that they were stealing from him. (R.R. Vol. 9, State Exh. 39).

On November 6, 2013, Jimmy Charanza's home was burglarized. A gun safe was taken from the residence. Several guns and other personal items were within the safe. These other personal items included a watch with Charanza's name etched on the back, custom pool cues and a collection of music memorabilia.

Roger Alexander admitted that he had committed the burglary by driving a truck to the Charanza home and that he had assisted Josh Hall in loading the gun safe in the back of the truck. (R.R. Vol. 5, p. 40). After committing the burglary, Alexander and Hall returned to appellant's house around 1:00 p.m. or later. (R.R. Vol. 5, p. 66). Alexander further admitted that he had sold the guns to Jeff Trout. (R.R. Vol.5, p. 44).

Alexander implicated appellant as being involved with the burglary. (R.R. Vol. 5, p. 36). The only people who implicated appellant in the burglary to law enforcement were Alexander and Hall who were both arrested and charged with the same offense as appellant. (R.R. Vol. 5, p. 201). Hall did not testify at trial.

On November 12, 2013, Alexander contacted Burleson County Sheriff Investigator Gene Hermes. (R.R. Vol. 5, p. 142). Alexander reported to

Hermes that appellant and Hall had committed a burglary and "tried to make it light on himself" in making this report. (R.R. Vol. 5, p. 143).

Roger Alexander eventually pled guilty to a federal firearms violation with his sentence being capped at ten years. (R.R. Vol. 5, p. 60). At the time of trial, Alexander was still waiting to be sentenced and it was his understanding that the court could consider his cooperation in the case against appellant in order to possibly reduce his sentence. Id. Also, the charges of burglary of a habitation and theft of firearm against Alexander were no longer pending in Burleson County because the federal government was prosecuting Alexander solely for the federal firearm violation. Id. Alexander further admitted that he had been complicit in setting other people up to be arrested all in an attempt to help himself. (R.R. Vol. 5, pp. 88-90).

On November 17, 2013, a search warrant on appellant's house was executed where law enforcement discovered the gold watch with Charanza's name etched on the back, a pool cue and some music CDs. (R.R. Vol. 5, pp. 146-155).

In a videotaped interview of appellant by Burleson County investigators on November 19, 2013, appellant denied any involvement with the burglary and claimed that he was being set up by Roger Alexander. (R.R. Vol. 9, State Exh. 39). Investigator Hermes admitted during his testimony that another witness (Heather Stone) he had interviewed told him that Alexander had "set [appellant] up." (R.R. Vol. 5, p. 196). During the videotaped interview, appellant readily agreed to submit a DNA profile and also agreed to take a polygraph examination. Id.

On November 26, 2013, Burleson County patrol corporal Mark Koch conducted another interview with appellant. (R.R. Vol. 6, p. 43). During

that interview, appellant again stated that he believed he was being set up by Alexander. (R.R. Vol. 6, pp. 45-46). Appellant admitted that he had received a "ride" from Alexander and Hall on the date of the burglary but that he did not want any part of the burglary and had gotten out of the vehicle. (R.R. Vol. 6, pp. 47, 65). Appellant also admitted that he was later picked up again by Alexander and Hall and that he noticed a gun safe in the back of the truck underneath some foam and carpet. (R.R. Vol. 6, pp. 47-48). Alexander and Hall then dropped appellant off close to the couple's home where he had been staying. (R.R. Vol. 6, p. 56).

A friend of appellant named Walter White testified at trial. During his testimony, White testified about a pool stick and a gold watch appellant had in his possession. (R.R. Vol. 5, p. 103). White was never provided an opportunity to positively identify the pool stick or gold watch as being the same items stolen from the Charanza residence. (R.R. Vol. 5, pp. 95-116).

DNA analysis performed on the gold watch indicated that appellant could not be excluded as a contributor to the DNA found on the watch nor could it be confirmed that appellant was the contributor of the DNA. (R.R. Vol. 6, pp. 29, 35). The probability of selecting an unrelated random contributor to the DNA profile was estimated to be 1 in 224 for Caucasians. Id. at 29. No evidence was presented as to whether Alexander and Hall's DNA had also been tested against the DNA found on the watch.

Appellant was at a doctor's appointment around 1:40 p.m. on November 6, 2013 and later picked up a prescription at the Walmart pharmacy around 3:30 p.m. the same day. (R.R. Vol. 7, pp. 17, 24-25).

## SUMMARY OF THE ARGUMENT

The evidence in appellant's case is insufficient to corroborate the testimony of an accomplice witness. The only evidence linking appellant to the charged burglary of a habitation came from the accomplice witness Roger Alexander. While certain items were recovered from appellant's house, appellant was not living in that house all the time. Roger Alexander and Joshua Hall were residing in that house and had full access to hide the stolen property. Alexander even admitted to selling the stolen guns. Appellant also complains of the legal sufficiency of the evidence. As such, appellant's conviction should be reversed and a judgment of acquittal should be entered or alternatively the case should be remanded for a new trial.

**ARGUMENT**

1. **The evidence is insufficient to corroborate the testimony of an accomplice witness.**

Article 38.14 of the Texas Code of Criminal Procedure states:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

> Tex. Code Crim. Proc. Ann. art. 38.14.

This accomplice witness rule creates a statutorily imposed review and is not derived from federal or state constitutional principles that define the sufficiency of evidence standard. Druery v. State, 225 S.W.3d 491, 498 (Tex.Crim.App. 2007). An appellate court evaluates the sufficiency of corroboration evidence under the accomplice-witness rule by first eliminating the accomplice testimony from consideration and then examining the remaining evidence to see if it tends to connect the accused with the offense committed. Malone v. State, 253 S.W.3d 253, 257 (Tex.Crim.App. 2008); Perez v. State, 437 S.W.3d 610, 616 (Tex.App.—San Antonio 2014, no pet.). To satisfy the rule, the corroborating evidence is not required to prove the defendant's guilt beyond a reasonable doubt by itself. Malone, 253 S.W.3d at 257; Perez, 437 S.W.3d at 616. Instead, the corroborating evidence "must simply link the accused in some way to the commission of the crime and show that rational jurors could conclude that this evidence sufficiently tended to connect the accused to the offense." Malone, 253 S.W.3d at 257; see also Perez, 437 S.W.3d at 616. No set amount of evidence is required to satisfy the accomplice-witness rule, and

each case is judged on its own facts.  Malone, 253 S.W.3d at 257; Perez, 437 S.W.3d at 616. "Circumstances that are apparently insignificant may constitute sufficient evidence of corroboration." Malone, 253 S.W.3d at 257. A defendant's mere presence at the scene of the crime, however, is insufficient to corroborate accomplice testimony. Id. "When there are two permissible views of the evidence (one tending to connect the defendant to the offense and the other not tending to connect the defendant to the offense), [the appellate court] defers to that view of the evidence chosen by the fact-finder."  Simmons v. State, 282 S.W.3d 504, 508 (Tex.Crim.App. 2009).

Here, the only evidence linking appellant to the burglary came from Roger Alexander in his testimony at trial and his interviews with law enforcement.  When the testimony of this accomplice witness is removed from consideration, there is a complete lack of corroborating evidence linking appellant to this burglary.  Merely showing an offense occurred is not sufficient.  Nelson v. State, 542 S.W.2d 175, 177 (Tex.Crim.App. 1976)

Appellant repeatedly denied any participation in the burglary of the Charanza residence when interviewed multiple times by law enforcement. Although some items from the burglary were found in a house owned by appellant, appellant had not been living in that house.  Appellant was residing with another couple at the time of the burglary and would come and go to his house as needed to care for his dogs.

Appellant did apparently admit to receiving a ride on the date of the burglary from the two individuals that committed the burglary. However, when appellant learned of their plans to commit a burglary, appellant stated

that he did not want any part of it and got out of the vehicle. After the burglary was complete, appellant was provided with another ride from these two individuals.

Alexander testified that he returned to appellant's house around 1:00 p.m. or a little later with the stolen property. Meanwhile, appellant was at a doctor's appointment around 1:40 p.m. and then went and picked up his prescribed medication at the Walmart pharmacy at 3:30 p.m. Appellant was not involved in the burglary but was rather only interested in being timely with his doctor's appointment. If appellant had been involved with the burglary in some manner, surely he would have wanted to know the contents of the stolen safe. However, appellant's only concern was to attend his doctor's appointment for which he arrived around 1:40 p.m. as confirmed by an independent witness. After appellant's doctor's appointment, he then went to Walmart to retrieve his prescription medication.

The testimony of Walter White concerning appellant's possession of a gold watch and a pool stick is similarly unconvincing. Walter White was never given the opportunity to positively identify the items appellant had as the items stolen from the Charanza residence.

And the DNA evidence that allegedly cannot exclude appellant as a contributor also cannot prove that appellant was the contributor of the DNA evidence. No evidence was submitted as to whether or not Alexander and Hall's DNA was tested against the sample found on the gold watch for they may have been just as likely or more of a contributor than appellant.

Given the extensive assistance that Roger Alexander provided to secure multiple arrests of other individuals in an attempt to help reduce his

federal prison sentence, Alexander clearly had a motive for implicating appellant in a burglary for which Alexander was responsible. Appellant wanted nothing to do with the burglary and expressed that sentiment to Alexander. Alexander admitted that he was trying to help himself by providing testimony that implicated appellant in the burglary.

Based on the lack of corroborating evidence linking appellant to the crime, appellant's conviction should be reversed. This lack of corroboration and the improper motivations of Alexander clearly show that appellant had no part in the burglary. Alexander drove the vehicle and Hall entered the residence to remove the gun safe. Alexander helped Hall load the gun safe into the vehicle. Alexander and Hall covered the gun safe with foam and carpet to conceal it. Alexander sold the stolen guns to another individual.

Meanwhile, appellant is living in another residence and is only concerned with being at his doctor's appointment on time and picking up his prescription medication at the same time Alexander and Hall are arriving back to the house to discover the contents of the stolen gun safe. Law enforcement chose to believe Alexander, and Alexander, as an accomplice witness from a legal viewpoint, provided the only link to appellant's alleged involvement in the burglary. Law enforcement also chose to ignore evidence that pointed to Alexander setting up appellant. Appellant clearly believed that he was being set up and an interview law enforcement had with Heather Stone confirmed this fact. Yet at the end of the day, law enforcement relied on a snitch that had ten years' worth of reasons to submit false allegations against appellant.

The test of the sufficiency of such corroboration is to eliminate the evidence of the accomplice from consideration and then to examine the evidence of other witnesses to determine if there is inculpatory evidence, evidence of an incriminating nature which tends to connect the accused with the commission of the offense. Again, merely showing an offense occurred is not sufficient. Nelson v. State, 542 S.W.2d at 177 (internal citations omitted). In *Nelson*, evidence that defendant was in presence of accomplice the night before offense and in accomplice's company near scene of burglary on day following offense and that medallion taken in burglary was found three to five feet from defendant and seven to eight feet from accomplice, absent evidence showing that defendant had connection with, control of, or possession of stolen medallion or other stolen property found in accomplice's house, was insufficient to corroborate accomplice's testimony and to sustain conviction. Such is the case in this appeal where there is no evidence that appellant had connection with, control of, or possession of stolen property.

Another case similar to appellant's is that of McCain v. State, 328 S.W.2d 295 (Tex.Crim.App. 1959). In *McCain*, evidence was insufficient to sustain conviction of burglary of an insurance agency where the agency's safe was carried to a field and rifled, on ground of failure of the testimony to corroborate that of the accomplice as to any criminative fact which would tend to connect defendant with the breaking and entry of the building or the theft of the safe. It is undisputed here that Alexander and Hall were the individuals that were present at the residence and physically removed the gun safe from the Charanza home.

The mere fact that some of the items were recovered in a house owned by appellant is also insufficient to corroborate Alexander's testimony. This is especially true considering that the two individuals that admittedly burglarized the home were also occupying that same house. See Hamilton v. State, 55 S.W.2d 820 (Tex.Crim.App. 1932) (where candy and cigars obtained in burglary were in room accused and others occupied was insufficient to corroborate accomplice as to burglary).

Based on the evidence submitted in this case, there is a lack of evidence to support the corroboration of an accomplice witness. As such, appellant's case should be reversed and a judgment of acquittal should be entered or, alternatively, a new trial ordered.

**2.    The evidence is legally insufficient to support appellant's conviction for burglary of a habitation.**

When evaluating a legal-sufficiency challenge, an appellate court considers all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Merritt v. State, 368 S.W.3d 516, 525 (Tex.Crim.App. 2012). The standard is the same for both direct and circumstantial evidence cases. Carrizales v. State, 414 S.W.3d 737, 742 (Tex.Crim.App. 2013); King v. State, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995).

The appellate court does not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function

of the trier of fact. See *Adames v. State*, 353 S.W.3d 854, 860 (Tex.Crim.App. 2011). The reviewing court presumes that the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. See *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007); *Pointe v. State*, 371 S.W.3d 527, 531 (Tex.App.–Beaumont 2012, no pet.).

*Burglary of a Habitation*

The Texas Penal Code provides in part that a person commits burglary of a habitation if, without the effective consent of the owner, he enters a habitation and commits theft. See Tex. Penal Code Ann. 30.02(a). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of the property. Id. § 31.03(a). Further, pursuant to the penal code, a person is criminally responsible as a party to an offense "if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." See id. § 7.01(a). A person is criminally responsible for the conduct of another if, acting "with intent to promote or assist the commission of the offense," he "solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." Id. § 7.02.

Here, appellant effectively denounced his desire to be a part of the burglary Alexander and Hall were planning. Appellant summarily stated that he wanted no part of the burglary and demanded to be let out of the truck that was going to be used to commit the burglary.

After Alexander and Hall committed the burglary and were going through the stolen gun safe sometime after 1:00 p.m., appellant was on his

way to a doctor appointment for which he arrived around 1:40 p.m. After his doctor appointment, appellant then went to the Walmart pharmacy to pick up his prescribed medication. Appellant's actions in going to his doctor appointment and the pharmacy begs the question that if appellant had been involved in the burglary, wouldn't he have been more concerned with learning what the contents of the stolen gun safe were so that he could ensure his fair distribution? The more pragmatic and logical explanation to appellant's actions is that appellant had not participated in the burglary and had no desire to split up any ill-gotten gains because of his lack of participation in the burglary. Appellant merely wanted to go to his doctor and pick up his prescribed medication.

Additionally, and as stated in the first issue, there was no corroboration of Alexander's testimony that appellant was involved in the burglary. At the time of the burglary, appellant had been living with another couple while he allowed Alexander and Hall to stay at his house. Alexander and Hall admittedly committed the burglary and sold some of the items so they could get high on methamphetamine. The items found in appellant's house were discovered there because that is where Alexander and Hall had been living. It is only the uncorroborated testimony and statements of an admitted drug abuser and thief that connects appellant to the burglary of the Charanza home.

As such, the evidence is legally insufficient to support the verdict in this cause and this matter should be reversed and a judgment of acquittal entered.

## PRAYER

Accordingly, appellant respectfully prays that this Court reverse the judgment of the trial court, enter a judgment of acquittal, and alternatively remand for a new trial, and for such other relief to which he may be entitled.

Respectfully submitted,

/s/ Chris M. Dillon
Chris M. Dillon
State Bar No. 24025328
P.O. Box 446
Bastrop, Texas 78602
Telephone (512) 303-2889
Telecopy (866) 375-1815
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellant Darrell Craig Adams' Brief on Appeal has been served on Julie Renken, Burleson County District Attorney, 100 West Buck, Caldwell, Texas 77836, on the 16th day of December 2015 via facsimile to 979-567-2375.

/s/ Chris M. Dillon
Chris M. Dillon

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 4,074 words in its entirety relying on the word count feature of Microsoft Word.

/s/ Chris M. Dillon
Chris M. Dillon

At the request of the Court, I certify that this submitted file complies with the following requests of the Court:

1. This filing is labeled with or accompanied by the following information:

   a. Case Name: Darrell Craig Adams v. State
   b. The Docket Number: 07-15-00360-CR
   c. The Type of Brief: Appellant's Brief
   d. The Word Processing Software and Version Used to prepare the filing: Microsoft Word 2010 converted to Adobe PDF

2. This disc or CD (or email attachment) contains only an electronic copy of the submitted filing and does not contain any appendices, any portion of the appellate record (other than a portion contained in the text of the filing) hypertext links to other material, or any document that is not included in the filing.

3. The electronic filing is free of viruses or any other files that would be disruptive to the Court's computer system.

4. I understand that a copy of this filing will be posted on the Court's web site and becomes part of the Court's record.

5. Copies have been sent to all parties associated with this case.

/s/ Chris M. Dillon
Chris M. Dillon
December 16, 2015